**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ZENOBIA DENELLE WILSON,

　　　　　*Plaintiff,*

　　v.　　　　　　　　　　　　　　　　　No. 23-cv-3058 (DLF)

U.S. BANK, N.A., *et al.*,

　　　　　*Defendants.*

**MEMORANDUM OPINION & ORDER**

　　　　Zenobia Denelle Wilson contends that U.S. Bank N.A., U.S. Bancorp, Lasalle Bank, the Bear Stearns Asset Backed Securities 1 Trust 2007-HE3, Samuel I. White, Russell Richardson, the Landlord and Tenant Branch of the D.C. Superior Court, and the United States (described in her complaint as the "United States Corporation") conspired to cause the wrongful foreclosure of her property.  The defendants move to dismiss for lack of jurisdiction under *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

　　　　The Court will grant the motion in part and deny it in part.  Because Wilson's action is not "a proceeding to reverse or modify the judgment" of the D.C. Superior Court, the Court has jurisdiction notwithstanding *Rooker*.  263 U.S. at 416.  But because Wilson's claims for injunctive relief are moot, the Court will dismiss them for lack of subject-matter jurisdiction.  And because the rest of Wilson's lawsuit is frivolous in substance, the Court will dismiss it with prejudice for failure to state a claim.

I.      BACKGROUND[1]

Wilson owned property in Washington, DC subject to a mortgage held by U.S. Bank. *See* Compl. at 1, *U.S. Bank, N.A. v. Wilson*, No. 2019-LTB-11635 (D.C. Sup. Ct. June 3, 2019). In 2019, U.S. Bank began foreclosure proceedings against Wilson in D.C. Superior Court.  Order Regarding Entry of Judgment at 1–2, *U.S. Bank, N.A. v. Wilson*, No. 2019-LTB-11635 (D.C. Sup. Ct. Oct. 16, 2023).

Wilson and U.S. Bank started litigating the foreclosure in July 2019.  *Id.* at 1.  In July, September, and October 2019, the Superior Court's clerk entered docket notes purporting to show that the bank had obtained a judgment for possession against Wilson.  *Id.* at 1–2.   He did not, however, enter judgment against Wilson "in a separate document" in conformity with D.C. Rule of Civil Procedure 58(a).  *Id.* at 1.  "Thereafter," the bank "sought a series of writs of restitution" against Wilson—*e.g.*, writs directing law enforcement to evict Wilson from her property—but "[f]or various reasons, none were executed."  *Id.* at 2.

On October 13, 2023, Wilson filed a complaint in this Court.  Dkt. 1.  Three days later, on October 16, 2023, the Superior Court issued a separate document entering judgment for possession against Wilson "*nunc pro tunc* to July 25, 2019."  Order Regarding Entry of Judgment at 3, *Wilson*, No. 2019-LTB-11635.  U.S. Bank obtained a writ of restitution and evicted Wilson on February 12, 2024.  *See* Writ of Restitution, *U.S. Bank, N.A. v. Wilson*, No. 2019-LTB-11635 (D.C. Sup. Ct. Feb. 12, 2024).

---

[1] The Court recounts the facts of the case based on the allegations in Wilson's complaint and on public records of which the Court may take judicial notice, including docket entries and opinions from the D.C. Superior Court.  *See Covad Commc'ns Co. v. Bell Atl. Co.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

In the interim, Wilson filed an amended complaint and a Second Amended Complaint in this Court.    Dkts. 11, 24-1.    Her Second Amended Complaint alleges that "[t]he defendants . . . committed a federal tort" under the Federal Tort Claims Act by "unlawfully foreclos[ing] on [her] land and try[ing] to take [her] domicile" notwithstanding a "certified land treaty."  Second Amend. Compl. at 1, Dkt. 24-1.  It adds that the defendants attempted to evict her pursuant to a "dormant civil judgment" and that they "fraudulently approved [a] [w]rit of restitution and scheduled an eviction . . . without a signature of a judge."  *Id.* at 2.  As relief, it seeks an injunction "permanently barr[ing]" the defendants from evicting her and "monetary relief" of $7 million plus punitive damages.  *Id.* at 3.

The defendants move to dismiss.  Dkts. 27, 28, 29, 30.

## II.   LEGAL STANDARDS

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may move to dismiss an action for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  In deciding motions to dismiss under Rule 12(b)(1), the Court "may consider documents outside the pleadings."  *Conf. of State Bank Supervisors v. OCC*, 313 F. Supp. 3d 285, 294 (D.D.C. 2018) (citing cases).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss an action for failure to state a claim.  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim is facially plausible when the complaint contains 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Sanchez v. Office of State Superintendent of Educ.*, 45 F.4th 388, 395 (D.C. Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## III.   DISCUSSION

Because U.S. Bank has already evicted Wilson from her property, Wilson's request for an injunction barring her eviction is moot.  As for Wilson's request for damages, the Court has jurisdiction over it but will dismiss it for failure to state a claim.

### A.   Mootness

"Article III of the Constitution limits federal courts' jurisdiction to 'actual, ongoing controversies.'" *Cicero v. Lew*, 190 F. Supp. 3d 16, 23 (D.D.C. 2016) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)).  Consistent with that reality, this Court lacks jurisdiction over moot cases— that is, cases where "the issues presented" are "no longer live." *Zukerman v. USPS*, 961 F.3d 431, 442 (D.C. Cir. 2020) (cleaned up).  Because mootness is jurisdictional, the Court must address it even when litigants do not. *See, e.g.*, *Lew*, 190 F. Supp. 3d at 23.

U.S. marshals evicted Wilson on February 12, 2024. *See* Writ of Restitution, *Wilson*, No. 2019-LTB-11635.  As a result, Wilson's request for an order "permanently barr[ing]" the defendants from evicting her, Second Amend. Compl. at 3, is moot.  Adjudicating it would "neither presently affect [Wilson's] rights nor have a more-than-speculative chance of affecting them in the future." *Transwestern Pipeline Co. v. FERC*, 897 F.2d 570, 575 (D.C. Cir. 1990).

For these reasons, the Court will dismiss Wilson's request for injunctive relief as moot.

### B.   *Rooker* and *Feldman*

The Court otherwise has jurisdiction over claims "arising under" federal law.  28 U.S.C. § 1331.  But an exception applies when a lawsuit, in substance if not in caption, looks like an appeal from an adverse state-court judgment. *See D.C. Healthcare Sys., Inc. v. District of Columbia*, 925 F.3d 481, 486–87 (D.C. Cir. 2019).  Because 28 U.S.C. § 1257 "vests authority to

review a state court's judgment solely in the Supreme Court," this Court lacks jurisdiction over those appeals in disguise. *Id.* at 486 (cleaned up).

The Supreme Court has warned lower courts that this § 1257 exception is "narrow." *Skinner v. Switzer*, 562 U.S. 521, 532 (2011). It has applied the exception only twice: in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). And it has said that the doctrine "is confined to cases" like *Rooker* and *Feldman*: "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before . . . district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

This lawsuit falls outside *Rooker* and *Feldman*'s "limited office." *Singletary v. District of Columbia*, 766 F.3d 66, 71 (D.C. Cir. 2014). At the outset, it is far from obvious that Wilson "complain[s] of injuries caused by state-court judgments rendered before" this proceeding "commenced." *Exxon*, 544 U.S. at 284. Although the D.C. Superior Court's clerk entered docket notes adverse to Wilson before she filed this action, Wilson's injuries do not seem to flow from those docket notes, assuming without deciding that docket notes in D.C. Superior Court qualify as "judgments" within *Exxon*'s ambit at all. Rather, Wilson's damages stem from the Superior Court's October 16, 2023 order and its follow-on writ of restitution, both of which caused Wilson's eviction and were issued after this action began. Order Regarding Entry of Judgment at 2, *Wilson*, No. 2019-LTB-11635. Nor does it help that the Superior Court issued its October 16 order "*nunc pro tunc* to July 25, 2019." *Id.* "'*Nunc pro tunc*' is a fancy phrase for backdating." *Sierra Club v. Whitman*, 285 F.3d 63, 67 (D.C. Cir. 2002). It does not mean that the Superior Court issued its order before it did.

More importantly, Wilson's action does not "invit[e]" this Court to "review" or "reject[]" the Superior Court's judgments. *Exxon*, 544 U.S. at 284. For one thing, Wilson's complaint does not assign error to or otherwise seek review of a Superior Court decision. It contends that the defendants "committed a federal tort" against her by dishonoring a "certified land treaty," that they acted against her based on an expired judgment, and that they defrauded her and the Superior Court. Second Amend. Compl. at 1–2; *see also* Pl.'s Mem. in Opp'n to Defs.' Mot. to Dismiss at 2, Dkt. 21 (alleging that the defendants committed "mortgage fraud" and made "false claim[s]"). Right or wrong, those contentions are "'independent' of and distinct from" the D.C. Superior Court's decision to authorize Wilson's eviction based on the record before it. *D.C. Healthcare Sys.*, 925 F.3d at 487 (quoting *Skinner*, 562 U.S. at 532); *cf. Alexander v. Rosen*, 804 F.3d 1203, 1206 (6th Cir. 2015) (holding that lawsuit that "challenge[d] the conduct of the individuals who . . . participate[d]" in a state child-support proceeding did not invite review and rejection of judgment from that decision). That is so even if Wilson litigated and lost on similar arguments in Superior Court. *Exxon*, 544 U.S. at 293 ("[I]f a federal plaintiff 'presents [an] independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . then there is jurisdiction.'" (quoting *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993))).

For another, Wilson's action for damages does not ask the Court to "reject"—meaning "overturn" or "undo," *see id.* at 291, 293—the Superior Court's judgments. The Superior Court awarded U.S. Bank a judgment for possession and a writ of restitution. Awarding Wilson money damages would not render either void or "reverse or modify" them in some other way. *Rooker*, 263 U.S. at 416. As several circuits have explained, absent extraordinary circumstances not present here, "a complaint demanding compensatory damages does not seek review or reversal of

a court order awarding relief not measured by money." *Hohenberg v. Shelby County*, 68 F.4th 336, 341 (6th Cir. 2023) (cleaned up); *see Behr v. Campbell*, 8 F.4th 1206, 1213–14 (11th Cir. 2021); *Dorce v. City of New York*, 2 F.4th 82, 106–07 (2d Cir. 2021).  Put differently, *Rooker* and *Feldman* are "limited to federal proceedings that ask state judgments themselves to be changed," and awarding Wilson damages would not change the judgments of the D.C. Superior Court.  *Klein v. O'Brien*, 884 F.3d 754, 756 (7th Cir. 2018).

*Toth v. Wells Fargo Bank, N.A.* does not hold otherwise.  82 F. Supp. 3d 373 (D.D.C. 2015).  In that case, unlike in this one, the plaintiff sought an order "abat[ing] and revers[ing]" a state court's foreclosure judgment.  *Id.* at 376.  Similarly, in *Hunter v. U.S. Bank N.A.*, the plaintiff "explicitly [sought] a judgment . . . that would have [had] the effect of modifying [a] state court's judgment of foreclosure."  698 F. Supp. 2d 94, 100 (D.D.C. 2010).  Here, Wilson seeks damages, not modification of the Superior Court's orders.

For these reasons, the Court has jurisdiction over Wilson's claim for damages notwithstanding *Rooker* and *Feldman*.

### C.    Merits

Although the Court has jurisdiction over Wilson's claims, those claims are meritless. Wilson principally seeks relief under the Federal Tort Claims Act ("FTCA"), which authorizes certain tort actions against the United States.  28 U.S.C. § 2674.  But Wilson's Second Amended Complaint does not allege that the United States played any role in the foreclosure of her property, meaning it does not state a plausible claim against the United States under the FTCA.  *See Tri-State Hospital Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003).  So too, it does not state a claim against the other defendants, who are not the United States and so cannot face FTCA liability.  *Id.*; *see FDIC v. Meyer*, 510 U.S. 471, 477 (1994).

Nor will the Court construe Wilson's complaint to raise non-FTCA claims.  Because Wilson's complaint does not say anything about how the United States, Samuel I. White, Russell Richardson, or the D.C. Superior Court unlawfully injured her, it cannot state a plausible claim for relief against them on any legal theory.  *Iqbal*, 556 U.S. at 678.  And because Wilson litigated against U.S. Bank and lost in Superior Court, principles of claim preclusion bar her from raising any claim for relief against U.S. Bank or its privies—who seem to include the Trust and the other remaining defendants—that she could have presented in the prior foreclosure action, including a D.C. tort action for wrongful foreclosure.  *Johnson v. Fairfax Vill. Condo. IV Unit Owners Ass'n*, 641 A.2d 495, 507 n.25 (D.C. 1994); *Leslie v. Laprade*, 726 A.2d 1228, 1231 (D.C. 1999).

For these reasons, the Court will dismiss Wilson's damages claims for failure to state a claim.  Because it appears that Wilson "could not allege additional facts" that would allow her suit to succeed, the Court's dismissal will be with prejudice.  *Belizan v. Herson*, 434 F.3d 579, 584 (D.C. Cir. 2006).

Accordingly, it is

**ORDERED** that Wilson's claims for injunctive relief are **DISMISSED** without prejudice for want of jurisdiction.  It is further

**ORDERED** that Wilson's claims for damages are **DISMISSED** with prejudice for failure to state a claim.

**SO ORDERED.**

May 10, 2024

DABNEY L. FRIEDRICH
United States District Judge

8